## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                              )
                                             )        CASE NO. CF0047-13
                                             )
                    v.                       )
                                             )        **DECISION AND ORDER**
                                             )        **ON MOTION TO SUPPRESS**
                                             )
JAY DIAZ SANTOS,                             )
                                             )
                    Defendant.               )
                                             )

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on May 2, 2013 on Defendant's Motion to suppress evidence. Assistant Attorney General James Collins represented the People of Guam. Defendant Jay Diaz Santos was represented by Attorney Howard Trapp. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

### FACTUAL BACKGROUND

On February 5, 2013, a grand jury returned a true bill against Defendant Santos based on his January 25, 2013 arrest. Defendant is charged with "Possession of a Schedule I Controlled Substance with Intent to Distribute, in that he knowingly possessed, with intent to deliver... marijuana." (*Indictment*). On March 5, 2013, Defendant moved to suppress the evidence collected from his home at 735 Santa Cruz Drive in Chalan Pago.

The People filed their Opposition to the motion on April 9, 2013. The People countered Defendant's assertion made in his moving papers that property was seized without a warrant. Government notes that although there was a warrant, the address listed on the application for the warrant was "733 Santa Cruz." *See* Opposition Ex. 1 at 1 (emphasis added).

Defendant filed his Reply on April 29, 2013. In it, he challenges the validity of the search where the search took place at 735 Santa Cruz instead of 733 Santa Cruz as specified in the warrant. In addition, he challenges the validity of the search where the warrant was for methamphetamines and what was seized was marijuana. For the reasons below, this Court shall deny the motion.

## DISCUSSION

The Fourth Amendment states that "no warrants shall issue, but upon probable cause,... and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The test for determining the sufficiency of the warrant description is "whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." U.S. v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985) (quoting U.S. v. McCain, 677 F.2d 657, 660 (8th Cir. 1982). Thus, an incorrect address on the warrant is not, in itself, fatal to a search's constitutionality. See Turner 770 F.2d 1508; see also McCain 677 F.2d 657; U.S. v. Mann, 389 F.3d 869 (9th Cir. 2004).

At the motion hearing, the People relied on the affidavit used in applying for the search warrant, attached to the Opposition as Ex. 1. The affiant stated that following an arrest of another individual, that individual cooperated with authorities in showing how he came to possess methamphetamine. See Ex. 1 at 2. Thereafter, affiant stated:

1. The owner of the ... where the methamphetamine was found is referred to as a source of information (SOI).
2. SOI stated that he/she has been assisting Santos in packaging and distributing methamphetamine for the past 6 years.
3. The SOI also directed detectives to Santos' residence off Santa Cruz Street in Chalan Pago.
4. Affiant made a check with the Department of Motor Vehicle trims and noted that the information was the same information as provided by the SOI.

5. Affiant was also informed by detectives who made a check on Santos' residence that the description of the residence was the same as the description provided by the SOI.

Ex. 1 at 2-3.

Taken together, the circumstances found here do not destroy the constitutionality of the search. There was a description from a police informant. There was verification of the informant's information via government records. There was also an on-site visit made by detectives prior to the application of the warrant. As such, the risk that another premise might mistakenly be searched is sufficiently curbed.

Defendant's second argument, that a warrant for amphetamine is not sufficient where the property seized is marijuana, is entirely without merit. "When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for." Abel v. U.S., 362 U.S. 217, 238 (1960). If an officer encounters illegal drug B while performing a lawful search for illegal drug A, is he to ignore it? Of course not.

## CONCLUSION

For the reasons set forth above, Defendant's motion to Suppress is hereby **DENIED**. A Criminal Trial Setting is set for August 13, 2013 at 2:00 p.m.

It is **SO ORDERED** this 8th day of July, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 0 8 2013

Rosaline R. Salas
Deputy Clerk
Superior Court of Guam

-3-